UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WORLD WIDE STATIONERY MANUFACTURING CO., LTD., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. 4:07-CV-1947 (CEJ) ) |
| U.S. RING BINDER, L.P., | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's sealed motion to bar plaintiff's evidence of lost profits and to strike all opinions based on such evidence, pursuant to Federal Rules of Civil Procedure 26(a) and 37(c). Plaintiff has responded and the issues are fully briefed.

### I. Background

Plaintiff is the inventor of U.S. Patent No. 7,296,946 (the '946 patent), which is entitled "Ring Binder Mechanism" and U.S. Patent No. 7,404,685 (the '685 patent), which is entitled "Ring Binder Mechanism Spring Biased to a Locked Position When Ring Members Close." The claims of the '946 and '685 patents "cover devices known as 'ring metals,' which are metal mechanisms incorporated into loose-notebooks." (Doc. #40, at 2-3). Plaintiff claims that defendant marketed and sold a device, namely the Insta-Clik, that infringes both the '946 and '685 patents. (Doc. ##40, at 12; 31, at 12). Plaintiff's "commercial embodiment of the '946 patent and the '685 patent is referred to as the One Touch ring metal." (Doc. #92, at 4).

In an order dated October 27, 2008 (Doc. #64), the parties were directed to provide expert reports by November 6, 2008, and to complete discovery by February 5, 2009. By agreement of the parties, expert reports were exchanged on February

13, 2009. (Doc. #100). In mid-January 2009, defendant deposed plaintiff's representatives "via video conference in Hong Kong, China." (Doc. #91). This deposition "concluded on January 19, 2009." (Doc. #103, at 1 n.1).

Plaintiff retained Mr. Michael Lewis to conduct an analysis of the "damages suffered by [it] through [defendant]'s sale of its Insta-Clik device." (Doc. #100-2). In his declaration, Mr. Lewis states that during a January 18, 2009 conference call with plaintiff's representatives, he "learned that the One-Touch was not capable of being sold to all of World Wide's customers[.]" (Doc. #100-2, at 1). As such, Mr. Lewis "requested that World Wide provide pricing and cost data for the EZ-Comfort device." Id. Mr. Lewis also states that, "[o]n January 21, 2009[,] [he] received a set of documents relating to EZ-Comfort sales and costs from World Wide's counsel. That documentation included cost summaries, cost breakdowns, and overhead allocations." Id.

On February 13, 2009, plaintiff served upon defendant its expert report on damages, which contained opinions on the issues of a reasonable royalty and lost profits. (Doc. #92-2). Plaintiff's damages report indicated that the lost profits calculations were based on the financial data for plaintiff's "EZ Comfort product line[.]" (Doc. #92-2, at 8). In his report, Mr. Lewis explained that:

> This was done because in or around 2003, World Wide and Avery USA entered into an exclusive sales agreement in regard to the One Touch products. This agreement precludes World Wide from selling One Touch products to customers other than Avery USA. However, it is our understanding that World Wide markets and sells its EZ Comfort line to customers . . . in lieu of the One Touch. The EZ Comfort provides comparable functionality as the One Touch and Insta-Clik and embodies patented features other than the ones in this dispute. The EZ Comfort line has, therefore, been considered the only non-infringing substitute to the One Touch line and has been used as the basis for our calculation of World Wide's lost profit in this matter.

(Doc. #92-2, at 8). On February 19, 2009, plaintiff "sent a letter to [defendant]

attaching thirteen pages of additional documentation that had been relied upon by its damages expert, Mr. Michael Lewis." (Doc. ##100; 100-3). In the instant motion, defendant contends that "[a]ll of the opinions in the Damages Report relate[] to lost profits [that] are based on documents that" were not disclosed as required by Rule 26(a)(1). (Doc. #91, at 1).

II. **Discussion**

Rule 26(a)(1) mandates that a party must provide "a copy—-or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses[.]" Fed.R.Civ.P. 26(a)(1)(A)(ii). The Federal Rules of Civil Procedure provide that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). "Evidentiary rulings are procedural matters that do not raise issues unique to patent law," therefore, the Federal Rules of Civil Procedure apply. Chimie v. PPG Indust., Inc., 402 F.3d 1371, 1376 (Fed. Cir. 2005).

In the instant case, the discovery deadline was February 5, 2009. Defendant reports that, "[p]rior to that deadline, [plaintiff] produced over 400 pages of financial and other documents related to its One Touch ring metal[.]" (Doc. #92, at 9). On January 18, 2009, prior to the conclusion of defendant's video deposition, plaintiff decided that its lost profits claim would be based on the cost data for its EZ-Comfort product, not its One Touch product; however, plaintiff failed to disclose this information to defendant on that date. On February 13, 2009, eight days after the discovery deadline, plaintiff informed defendant that plaintiff's lost profits claim would be based

solely on plaintiff's EZ Comfort product. To justify its untimely disclosure, plaintiff argues that: "(1) [it] was not required to provide the opinions of its damages expert prior to the deadline; and (2) [defendant] should have asked questions at the corporate deposition of [plaintiff]'s lost profits theory." (Doc. ##100, at 4-6; 103, at 3).

There is no dispute that the information about plaintiff's lost profits was available and could have been disclosed before the discovery cut-off date. The reasons plaintiff proffers do not demonstrate that plaintiff's failure to disclose such information was substantially justified or harmless. Because plaintiff failed to disclose its evidence of lost profits based on cost data for its EZ Comfort product by the discovery deadline, the Court finds that plaintiff is barred from relying on such documents upon which plaintiff's lost profits claim is based, pursuant to Fed.R.Civ.P. 37(c). See Heartland Bank v. Heartland Home Fin., Inc., 335 F.3d 810, 816 (8th Cir. 2003) (affirming this Court's ruling to bar the plaintiff's untimely disclosure of its evidence).

Accordingly,

**IT IS HEREBY ORDERED** that defendant's sealed motion to bar plaintiff's evidence of lost profits and to strike all opinions based on such evidence [Doc. # 91] is **granted**.

**IT IS FURTHER ORDERED** that defendant's request for oral argument on

defendant's sealed motion [Doc. #93] is **denied as moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 8th day of June, 2009.