UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WORLD WIDE STATIONERY MANUFACTURING CO., LTD., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 4:07-CV-1947 (CEJ) |
| U.S. RING BINDER, L.P., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for summary judgment on Count V of defendant's amended counterclaims. Defendant opposes the motion and the issues are fully briefed.

### I. Background

On December 18, 2002, patent attorney Kurt F. James filed a utility patent application with the United States Patent and Trademark Office (the PTO) on plaintiff's behalf. The application was assigned U.S. Patent Application No. 10/323,052 (the Application). On March 17, 2003, Mr. James filed an Information Disclosure Statement (IDS) with the PTO, which disclosed a list of U.S. patents and foreign Patent Application No. WO 01/81099 A1 (the Horn Application). (Doc. #97-2, at 58-59).

On or about October 20, 2003, plaintiff's counsel received a sample of a device that embodied the invention disclosed in the Horn Application (the Horn Sample); however, Mr. James did not supply the Horn Sample to the PTO. (Doc. #97-5, at 32).

On January 30, 2004, Bryan Pank, one of Mr. James's associates, filed a second IDS on plaintiff's behalf, which disclosed U.S. Patent Application No. 2002/0122687 A1 (also the Horn Application).

On September 30, 2004, the PTO issued an Office Action to plaintiff, which

stated that the patent examiner had rejected claims 1-4 and 6-18 as being anticipated by the Horn Application. (Doc. #97-2, at 78). In the Office Action, the patent examiner explained that each limitation of claims 1-4 and 6-18 of the Application was disclosed in the Horn Application. (Doc. #97-2, at 78-80). On December 30, 2004, Mr. James filed a response entitled "Amendment A and Response to Office Action" (the December 2004 Response). (Doc. #97-2, at 96).

On November 20, 2007, the PTO issued U.S. Patent No. 7,296,946 (the '946 patent) based on the Application, and plaintiff filed the instant action, alleging that defendant marketed and sold a device, namely the Insta-Clik, that infringes the '946 patent.[1] (Doc. ##1; 40-2). On December 11, 2007, defendant filed its answer, affirmative defenses, and counterclaims. On August 1, 2008, the Court granted plaintiff's motion for leave to file its first amended complaint.

During a deposition taken on October 28, 2008, defendant's counsel questioned Mr. James about the December 2004 Response, in which Mr. James argued:

> . . . Horn does not disclose each and every feature, either expressly inherently, of claim 1. Moreover, there is no suggestion for modifying Horn to have the travel bar move the hinge plates between open and closed positions and also be spring biased toward a closed (and locked) position. Horn shows applying the spring force only to blocking elements (32, 32') to lock the hinge plates. In fact, the tension member 44' supplies a reaction force to the spring bias, <u>which is opposite the direction in which the blocking elements are biased</u>. Thus, the tension member 44' is more properly understood as being biased toward the open position by the springs 36, 36'. Thus, the prior art fails to have any suggestion for a travel bar which is itself biased toward a closed (and locked) position. It is therefore submitted for at least the foregoing reasons that claim 1 is novel and patentable over the references of record, including Horn.

(Doc. #97-2, at 104) (emphasis in original). Mr. James testified that the sentence in which the underlined words appear was correct. Additionally, he testified that the

---

[1] Plaintiff also alleges that the Insta-Clik infringes its U.S. Patent No. 7,404,685. (Doc. #40, at 3).

next sentence was incorrect because "the tension member 44 is more properly understood as being biased toward the <u>closed position</u>[.]" (Doc. #97-5, at 31-32; Depo. of Kurt James, at 119:24-121:9) (emphasis added). Mr. James also testified that he did not realize that the statement was incorrect until after he reviewed defendant's answer, affirmative defenses, and counterclaims. (Doc. #97-5, at 23; Depo. of Kurt James, at 85:4-87:25).

On November 21, 2008, defendant filed its first amended answer, affirmative defenses, and counterclaims. In Count V of its counterclaims, defendant contends that "[t]he '946 patent is unenforceable in its entirety because of [the] inequitable conduct [that] World Wide committed during the prosecution leading to the '946 patent[.] (Doc. #77, at 17). Defendant alleges that:

> 53. World Wide has engaged in inequitable conduct . . . . Such inequitable conduct includes the making of material false statements to the Examiner and the withholding of material prior art with the intent to deceive the Examiner in an attempt to obtain the '946 patent. Specifically, the statements that "In fact, the tension member 44' supplies a reaction force to the spring bias, <u>which is opposite the direction in which the blocking elements are biased</u>. Thus the tension member 44' is more properly understood as being biased toward the opening position by the springs 36, 36'. Thus, the prior art fails to have any suggestion for a travel bar which is itself biased toward a closed (and locked) position" are false and in fact directly opposite of what the prior art shows.

(Doc. #77, at 16) (emphasis in original).

II. **Legal Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court

is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Fed. R. Civ. P. 56(c). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

### III.  Discussion

"To prevail on an inequitable conduct charge, a defendant must present 'evidence that the applicant (1) made an affirmative misrepresentation of material fact, failed to disclose material information, or submitted false information, and (2) intended to deceive the PTO.'" Rothman v. Target Corp., 556 F.3d 1310, 1323 (Fed. Cir. 2009) (citing Cargill, Inc. v. Canbra Foods, Ltd., 476 F.3d 1359, 1363 (Fed. Cir. 2007)). "Both of these factual elements require proof by clear and convincing evidence." Rothman, 556 F.3d at 1323.

#### A.  Prosecuting Attorney's Misstatement

Plaintiff argues that Mr. James's misstatement in the December 2004 Response is not material. To support its contention, plaintiff cites to Young v. Lumenis, Inc., 492

F.3d 1336, 1348 (Fed. Cir. 2007). Defendant argues that plaintiff's reliance on Young is misplaced.

In Young, the prosecuting attorney made three misstatements in a response to the first office action that the PTO issued to the plaintiff. The defendant, in Young, filed a motion for summary judgment, arguing that the prosecuting attorney's misstatements constituted inequitable conduct. The Federal Circuit reversed the district court's decision to grant the defendant's motion, and held that the prosecuting attorney's misstatements were not affirmative misstatements of material fact. Specifically, the Federal Circuit stated that:

> The [patent] examiner had the [prior art reference] to refer to during the reexamination proceeding and initially rejected claim 1 based on that reference. [The prosecuting attorney] argued against the rejection, and the examiner was free to reach his own conclusions and accept or reject [the prosecuting attorney]'s arguments. We therefore fail to see how the statements in the October 2005 Response, which <u>consisted of attorney argument and an interpretation of what the prior art discloses</u>, constitute affirmative misrepresentations of material fact.

Young, 492 F.3d at 1349 (emphasis added).

The instant case is analogous to Young. Like the prosecuting attorney in Young, who made misstatements about the prior art references to the patent examiner, here, Mr. James mistakenly argued to the patent examiner that "the tension member 44' [was] more properly understood as being biased toward the opening position by the springs 36, 36'." Moreover, just as in Young, where the patent examiner had the prior art reference and rejected one of the patent's claims based on that reference, in this case, Mr. James twice cited the Horn Application to the patent examiner, who ultimately rejected claims 1-4 and 6-18 of the '946 patent as being anticipated by the Horn Application. (Doc. #97-2, at 78). Therefore, the patent "examiner was free to reach his own decisions and accept or reject [Mr. James's] arguments[,]" regarding

the functionality of the device disclosed in the Horn Application. Young, 492 F.3d 1336, 1349. The Court believes that Mr. James's misstatement in the December 2004 Response was "attorney argument and [Mr. James's] interpretation of what the prior art disclose[d.]" Id. As such, the Court finds that defendant has failed to produce clear and convincing that Mr. James's misstatement constitutes an affirmative misrepresentation of material fact.

### B. Prosecuting Attorney's Failure to Disclose the Horn Sample

In Count V of its amended counterclaims, defendant also alleges that Mr. James's failure to disclose the Horn Sample to the PTO constitutes inequitable conduct. Defendant argues that the sample was material information. Plaintiff, however, contends that Mr. James was not required to disclose the Horn Sample because it was cumulative, not material, information.

"In evaluating materiality, [the Federal Circuit] has consistently referred to the standard set forth in PTO Rule 56." Monsanto Co. v. Bayer Bioscience N.V., 514 F.3d 1229, 1237 (Fed. Cir. 2008) (citing Purdue Pharma L.P. v. Endo Pharm. Inc., 438 F.3d 1123, 1129 (Fed. Cir. 2006)). The Federal Circuit states that:

> Rule 56 defines material information as . . . information that is not cumulative to information already of record or being made of record in the application, and that
>
> (1) . . . establishes, by itself or in combination with other information, a prima case [sic] of unpatentability of a claim; or
>
> (2) . . . refutes, or is inconsistent with, a position the applicant takes in:
>
> > (i) Opposing an argument of unpatentability relied on by the Office, or
> >
> > (ii) Asserting an argument of patentability.

Monsanto, 514 F.3d at 1237, citing 37 C.F.R. § 1.56(b).

Here, it is undisputed that the Horn Sample embodies the exact invention

disclosed in the Horn Application. (Doc.#98, at 3, ¶12; #120, at 6, ¶ 12). In addition, Mr. James testified in his deposition that he did not disclose the Horn Sample to the PTO because he believed that "the description of Horn as in the published application was sufficiently clear to draw the conclusions regarding how it operated." (Doc. #97-5, at 20; Depo. of Kurt James, at 76:7-10). Therefore, "[b]ecause [the record indicates that] the commercial embodiment fails to contain any additional structure or functionality over and above what was already disclosed to the examiner in the Horn reference," the Court finds that the Horn Sample was cumulative, and that Mr. James was not obligated to disclose the sample to the PTO. (Doc. #125, at 5). See Adenta GmbH v. OrthoArm, Inc., 501 F.3d 1364, 1374 (Fed. Cir. 2007) (holding that "[t]he [district] court was entitled to assume that [the patentee] acted in good faith in not disclosing the [cumulative sample] to the PTO because [it] believed it was cumulative to the . . . patent."); see also Flex-rest, LLC v. Steelcase, Inc., 455 F.3d 1351, 1363 (Fed. Cir. 2006) (photographs did not need to be submitted to the PTO because they depicted an embodiment of a patent that had already been disclosed and thus were cumulative); but see Donaldson Co., Inc. v. Pneumafil Corp., 1987 WL 37585, *2 (Fed. Cir. June 8, 1987) (affirming district court's ruling that the patentee should have disclosed the commercial embodiment because it contained information not disclosed in the patent).

Based on the foregoing, the Court finds that defendant has failed to prove, by clear and convincing evidence, the first element of an inequitable conduct counterclaim. As such, the Court will not address the second element. Therefore, the Court concludes that plaintiff is entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for summary judgment [Doc.

#96] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 16th day of June, 2009.