UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WORLD WIDE STATIONERY MANUFACTURING CO., LTD., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. 4:07-CV-1947 (CEJ) ) |
| U.S. RING BINDER, L.P., | ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motions to dismiss Count VI of defendant's counterclaims and to strike defendant's ninth affirmative defense that relates to U.S. Patent No. 7,404,685 (the '685 patent). Defendant has responded and the issues are fully briefed.

**I.  Background**

Plaintiff is the inventor of U.S. Patent No. 7,296,946 (the '946 patent), which is entitled "Ring Binder Mechanism" and the '685 patent, which is entitled "Ring Binder Mechanism Spring Biased to a Locked Position When Ring Members Close." The claims of the '946 and '685 patents "cover devices known as 'ring metals,' which are metal mechanisms incorporated into loose-notebooks." (Doc. #40, at 2-3). Plaintiff claims that defendant marketed and sold a device, namely the Insta-Clik, that infringes both the '946 and '685 patents. (Doc. ##40, at 12; 31, at 12).

On September 11, 2008, plaintiff filed its motion to dismiss Count VI of defendant's counterclaims and to strike defendant's ninth affirmative defense. In response to plaintiff's motion, defendant filed its first amended answer, affirmative defenses, and counterclaims to plaintiff's first amended complaint. On December 15, 2008, plaintiff filed an additional memorandum in support of its motion, requesting

that the Court dismiss Count VI of defendant's amended counterclaims and to strike defendant's ninth affirmative defense that relates to the '685 patent.

II. Discussion

Plaintiff requests that the Court (1) to dismiss Count VI of defendant's amended counterclaims, whereby defendant asks the Court to declare the unenforceability of the '685 patent due to inequitable conduct; and (2) to strike defendant's ninth affirmative defense, whereby defendant claims that plaintiff engaged in inequitable conduct during the prosecution of the '685 patent. The Court will address each motion in turn.

A. Plaintiff's Motion to Dismiss

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atl. Corp. v. Twombly, --- U.S. ---, 127 S. Ct. 1955, 1965 (May 21, 2007), citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp., 127 S. Ct. at 1974. See also id. at 1969 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement."). "Factual allegations must be enough to raise a right to relief above the

speculative level." Id. at 1965.

Rule 9(b) of the Federal Rules of Civil Procedure provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). The Federal Circuit holds that "whether inequitable conduct has been adequately pled is a procedural matter, but since it bears on an issue that 'pertains to or is unique to patent law,' [they] will apply [their] own law to the question of whether the pleadings [are] adequate." Cent. Admixture Pharmacy Services, Inc. v. Advanced Cardiac Solutions, P.C., 482 F.3d 1347, 1356 (Fed. Cir. 2007). The Federal Circuit also explains that "inequitable conduct, while a broader concept than fraud, must be plead with particularity." Cent. Admixture , 482 F.3d at 1356. Therefore, a party's pleadings must "provide the required particularity to give notice to the other party of the facts on which inequitable conduct is premised." Id.

In its amended sixth counterclaim, defendant urges the Court to declare the unenforceability of the '685 patent due to inequitable conduct. (Doc. #77, at 17). To state a claim for inequitable conduct, a party must allege that "the applicant (1) made an affirmative misrepresentation of material fact, failed to disclose material information, or submitted material information, and (2) intended to deceive the [Patent and Trademark Office]." Star Scientific, Inc. v. R.J. Reynolds Tobacco Co., 537 F.3d 1357, 1365 (Fed. Cir. 2008) (citations omitted).

Plaintiff contends that, "[m]uch like the defendant in Central Admixture, US Ring's allegations against [it] are cursory and do not come close to meeting the pleading standards set forth in Bell Atlantic Corp. v. Twombly, much less the exacting standards of Rule 9(b)." (Doc. #83-3, at 4). The Court disagrees. In Cent. Admixture, the defendant asserted an inequitable conduct affirmative defense, alleging that the patent at issue "was unenforceable due to inequitable conduct." 482 F.3d 1347, 1356.

The defendant, in Cent. Admixture, further alleged:

> [T]hat "during the prosecution of the '515 patent, the patentee failed to disclose all of the relevant prior art known to it" and that "by manipulation of various measurements and units, the patentee sought to mislead the Patent and Trademark Office regarding the relationship between the claimed invention and the prior art."

Id. The Federal Circuit held that the defendant's "pleading lack[ed] the requisite particularity [because the pleading did] not identify what relevant and undisclosed prior art was known to the patentee, what 'measurements and units' were manipulated, or how that manipulation was meant to mislead the [Patent and Trademark Office]." Id. at 1356-57. Unlike the defendant in Cent. Admixture, in this case, defendant alleges that "[t]he '685 patent is unenforceable in its entirety because of inequitable conduct [plaintiff] committed during the prosecution leading to the '685 patent as set forth in [defendant]'s Ninth Affirmative Defense." (Doc. #77, at 17). In its ninth affirmative defense, defendant specifically alleges that:

> 9. The . . . '685 patent[ was] procured by inequitable conduct, rendering [that] patent[] unenforceable in [its] entirety. US Ring incorporates by reference herein as though fully set forth in [its] entirety the allegations contained in US Ring's Counterclaims. In the application[] leading to . . . the '685 patent, the applicant, as well as its attorneys, and/or other individuals involved in [that] prosecution[] (collectively hereinafter "Cheng"), concealed and failed to disclose to the United States Patent and Trademark Office ("USPTO") material facts relevant to the prosecution. Cheng committed these acts and omissions with the intent to deceive the USPTO. US Ring is presently aware of the misrepresentations and/or omissions by Cheng described herein, but reserves the right to amend its answer to state additional misrepresentations and/or omissions as US Ring learns of them through the course of discovery.
>
> 10. In connection with filing the '685 application, Cheng withheld at least some material references to prior art and their relevance in connection with the '685 application from the USPTO including, but not limited to GB 2387815 A1; JP 1299095; FR 1336765 A; JP 2998206 B2; KR 150737 B1; CN 1124479 A, B; HK 1003030 A1; WO 952641 A1; AU 7485500 A; and CN 1390173 T. These references are material and Cheng had knowledge of same because the references were disclosed to

- 4 -

> Cheng in the co-pending and related '946 application entitled "Ring Binder Mechanism" for the same invention.
>
> 11. Upon information and belief, Cheng withheld the above-identified information with intent to deceive the USPTO, with full knowledge of the information, and with full knowledge that the information was material to the patentability of the pending claims of the '946 application.

(Doc. #77, at 5-6). Unlike the conclusory allegations asserted by the defendant in Cent. Admixture, in the instant case, defendant specifically alleges that plaintiff (1) failed to disclose material information, specific prior art; (2) withheld such information with the intent to deceive the USPTO; and (3) knew that the information was material to the '946 patent application. Therefore, the Court believes that defendant's allegations "provide the required particularity to give notice to [plaintiff] of the facts on which inequitable conduct is premised." Cent. Admixture, 482 F.3d at 1356. The Court will not address plaintiff's argument that defendant's inequitable conduct counterclaim fails to satisfy the pleading standards because defendant alleges inaccurate information is irrelevant. As mentioned above, the Court "must accept as true all of [a] complaint's factual allegations[.]" Stodghill v. Wellston Sch. Dist., 512 F.3d 472, 476 (8th Cir. 2008) (citation omitted). Thus, the Court will not dismiss Count VI of defendant's amended counterclaims.

### B.  Plaintiff's Motion to Strike

Under Fed.R.Civ.P. 12(f), a court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike on this basis are not favored and are infrequently granted, because they propose a drastic remedy. Southwestern Bell Telephone, L.P. v. Missouri Public Service Comm'n, 461 F.Supp.2d 1055, 1064 (E.D. Mo. 2006), citing Stanbury Law Firm, P.A., v. Internal Revenue Serv., 221 F.3d 1059, 1063 (8th Cir. 2000). There is general judicial agreement that motions to strike should be denied "unless the challenged

allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1382.

As stated above, allegations of inequitable conduct must be pled with particularity. See Cent. Admixture, 482 F.3d at 1356. This standard applies to both claims and affirmative defenses. Id. The Court has found that Count VI of defendant's amended counterclaims contains the requisite particularity. Because Count VI incorporates the allegations set forth in defendant's inequitable conduct affirmative defense, the Court concludes that such affirmative defense also contains the requisite particularity. Therefore, defendant's amended ninth affirmative defense will not be stricken.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions to dismiss Count VI of defendant's counterclaims and to strike defendant's ninth affirmative defense [Doc. ##47, 82] are **denied.**

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file its motion to file its motion to dismiss Count VI and to strike defendant's ninth affirmative defense out of time [Doc. #83] is **denied as moot**.

**IT IS FURTHER ORDERED** that defendant's consent motion to extend the deadline for defendant to respond to plaintiff's motion to dismiss [Doc. #84] is **denied as moot**.

**IT IS FURTHER ORDERED** that plaintiff's motion to extend the deadline for completion of alternative dispute resolution [Doc. #86] is **denied as moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 16th day of June, 2009.