UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WORLD WIDE STATIONERY MANUFACTURING CO., LTD., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 4:07-CV-1947 (CEJ) |
| U.S. RING BINDER, L.P., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's sealed motion for summary judgment of invalidity of the U.S. Patent No. 7,296,946 (the '946 patent) entitled "Ring Binder Mechanism." Plaintiff has responded and the issues are fully briefed.

**I.    Background**

Plaintiff owns the '946 patent, which lists Hung Yu Cheng and Ho Ping Cheng as the joint inventors. (Doc. #94-2, at 2). Plaintiff filed this action, alleging that defendant marketed and sold a device, the Insta-Clik, that infringes the '946 patent. (Doc. ##40, at 12; 31, at 12). On January 16, 2009, defendant's counsel conducted a videotaped deposition of Hung Yu Cheng, who was located in Hong Kong, China. With the assistance of a translator, Hung Yu Cheng gave the following testimony:

> Q:    So, Mr. Cheng, you invented the invention disclosed in the 946 patent?
>
> A:    Yes, this is correct.
>
> Q:    What part of the invention did you invent?
>
> A:    Of course, you know, I invented the whole thing.

(Doc. #116-5, at 12).

Defendant asserts improper inventorship as the basis for its motion for summary judgment. Defendant relies solely on Hung Yu Cheng's testimony to support the

motion.

II. <u>Legal Standard</u>

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. <u>AgriStor Leasing v. Farrow</u>, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986); <u>Matsushita Electric Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986); Fed. R. Civ. P. 56(c). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).

III. <u>Discussion</u>

35 U.S.C. § 282 "lists the defenses available in any action involving the validity or infringement of a patent. Among theses are '[i]nvalidity of the patent or any claim in suit on any ground specified in part II of this title as a condition of patentability.'"

Pannu v. Iolab Corp., 155 F.3d 1344, 1348 (Fed. Cir. 1998) (citing 35 U.S.C. § 282, ¶ 2 (1994)). The Federal Circuit states that:

> Section 102, which is within Part II of Title 35, is entitled "Conditions for patentability; novelty and loss of right to patent"; section 102(f) provides that "[a] person shall be entitled to patent unless he did not himself invent the subject matter sought to be patented." Since the word "he" refers to the specific inventive entity named on the patent, this subsection mandates that a patent accurately list the correct inventors of a claimed invention.

Id. at 1348-49 (internal citations omitted). Furthermore, "[t]here is a presumption that the inventors named on an issued patent are correct, so misjoinder of inventors must be proven by clear and convincing evidence." Fina Oil & Chem. Co. v. Ewen, 123 F.3d 1466, 1472 (Fed. Cir. 1997); see also Hess v. Advanced Cardiovascular Sys., Inc., 106 F.3d 976, 979-80 (Fed. Cir. 1997) (stating that "[t]he burden of showing misjoinder or nonjoinder of inventors is a heavy one[.]") (internal citations omitted).

In the instant case, a genuine issue of material fact exists. Defendant argues that the '946 patent is invalid because it incorrectly lists Ho Ping Cheng as one of the inventors in violation of 35 U.S.C. § 102(f). Defendant relies solely on Hung Yu Cheng's deposition testimony to show that Ho Ping Cheng did not jointly invent the '946 patent. In response, plaintiff offers (1) the Declaration of Inventorship and the Notice of Recordation of Assignment (the Assignment) that both Hung Yu Cheng and Ho Ping Cheng signed; and (2) Hung Yu Cheng's sworn declaration. (Doc. ##116-2;116-3;116-4). The Declaration of Inventorship includes a statement that reads:

> I believe that I am the original, first and sole inventor (if only one name is listed below) or an original, first and joint inventor (if plural names are listed below) of the subject matter which is claimed and for which a patent is sought on the invention entitled RING BINDER MECHANISM[.]

(Doc. #116-4, at 1). In the Assignment, Hung Yu Cheng and Ho Ping Cheng, as joint inventors, signed and transferred their interests in the '946 patent to plaintiff. Finally,

Hung Yu Cheng explains in his deposition that Ho Ping Cheng assisted him in the development of the invention disclosed in the '946 patent, and that "[t]he 946 patent properly lists both Mr. Ho Ping Cheng and [him] as joint inventors." (Doc. #116-2, at 2-3). Upon careful consideration, the Court concludes that plaintiff has provided sufficient evidence to dispute defendant's assertion that Hung Yu Cheng was the sole inventor of the '946 patent.

Based on the foregoing, the Court finds that defendant has failed to overcome the heavy burden of presenting clear and convincing evidence that Ho Ping Cheng was incorrectly named as an inventor of the '946 patent. See Price v. Symsek, 988 F.2d 1187, 1194 (Fed. Cir. 1993) (stating "that an inventor's testimony respecting the facts surrounding a claim of derivation or priority of invention cannot, standing alone, rise to the level of clear and convincing proof.") (emphasis added). Therefore, the Court concludes that defendant is not entitled to summary judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's sealed motion for summary judgment [Doc. #94] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of June, 2009.