UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WORLD WIDE STATIONERY MANUFACTURING CO., LTD., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 4:07-CV-1947 (CEJ) |
| U.S. RING BINDER, L.P., | ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff brings this action against defendant, alleging infringement of its U.S. Patent Nos. 7,404,685 (the '685 patent) and 7,296,946 (the '946 patent). On October 5, 2009, the Court held a pretrial hearing to address the parties' motions *in limine*, and reserved ruling on four of the motions until a later date. The Court will now address these remaining motions.

### I. Plaintiff's Eighth Motion *In Limine*

In its eighth motion *in limine*, plaintiff requests an order barring defendant "from arguing that the Insta-Clik does not infringe Claims 1, 2, 3, 5, 9, 10, or 11 of U.S. Patent No. 7,404, 685." (Doc. #224). In a Memorandum and Order dated July 21, 2009, the Court denied defendant's motion for summary judgment of non-infringement of the '946 patent, and granted plaintiff's motion for partial summary judgment of infringement of the '685 patent. (Doc. #162). In response to defendant's emergency motion for reconsideration, the Court issued an Amended Memorandum and Order dated August 5, 2009, wherein the Court denied both parties' motions for summary judgment. (Doc. #173). With respect to plaintiff's

motion for partial summary judgment, the Court "conclude[d] that defendant . . . failed to provide sufficient evidence to create a genuine issue of material fact as to whether the Insta-Clik literally infringes dependent claims 2, 3, 5, 9, 10, and 10 of the '685 patent, whose meaning depends on independent claim 1." (Doc. #173, at 5). Section B.1. of the Court's Amended Memorandum and Order only addressed the claim language "housing, hinge plates, and rings" and "control structure" as used in claim 1 of the '685 patent. Then, on September 14, 2009, the Court issued an amended claims construction order and reconstrued the term "operatively connected" in the '685 and '946 patents to mean "arranged in a manner capable of performing a designated function." (Doc. #187, at 21-23, 32).

"A determination of infringement requires a two-step analysis. First, the court construes the asserted claims in order to determine their proper meaning and scope." Union Carbide Chemicals & Plastics Tech. Corp. v. Shell Oil Co., 308 F.3d 1167, 1176-77 (Fed. Cir. 2002), citing Markman v. Westview Instruments, Inc., 517 U.S. 370, 391 (1996). "After the court construes the claims, these claims are compared to the accused device." Union Carbide, 308 F.3d at 1177 (citing Bell Atl. Network Services v. Covad Communications Group, Inc., 262 F.3d 1258, 1268 (Fed. Cir. 2001); Biovail Corp. Int'l v. Andrx Pharm., Inc., 239 F.3d 1297, 1301 (Fed. Cir. 2001)). In light of the Court's new construction of the term "operatively connected," which appears in claim 1 of the '685 patent, (Doc. #51-2, '685 patent, col. 16, line 45), the Court will permit defendant to compare such construction to the Insta-Clik, and to argue that the Insta-Clik does not infringe claims 1, 2, 3, 5, 9, 10, or 11 of the '685 patent.

## II. Defendant's Seventh Motion *In Limine*

In its Interrogatory No. 14, plaintiff asked defendant to "[i]dentify any oral or written opinions of counsel relating to infringement, validity, or enforceability of the '946 patent or the Insta-Clik." (Doc. #200-2, at 16). Defendant "object[ed] to Interrogatory No. 14 in that it call[ed] for a response protected by the attorney-client privilege or [the] work-product doctrine." (Doc. #200-2, at 16). Defendant now moves to preclude plaintiff from mentioning evidence related to defendant's lack of an opinion of counsel. To support its contention, defendant relies on Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp., 383 F.3d 1337, 1334-45 (Fed. Cir. 2004) (en banc), and In re Seagate Tech., LLC, 497 F.3d 1360 (Fed. Cir. 2007). Plaintiff acknowledges that Knorr-Bremse "holds that no jury instruction may be given that applies a negative inference from the assertion of [the attorney-client] privilege regarding an opinion of counsel." (Doc. #255, at 1). However, plaintiff contends that, in light of the Federal Circuit's holding in Broadcom Corp. v. Qualcomm Inc., 543 F.3d 683 (Fed. Cir. 2008), "it would be improper for the Court to preclude [plaintiff] from pointing out that [defendant] is not relying on an opinion of counsel as a defense to [plaintiff]'s willfulness allegations." (Doc. #255, at 2).

In Broadcom, the district court issued jury instructions regarding the plaintiff's willful infringement and induced infringement claims. 543 F.3d at 687. The willful infringement instruction was "based essentially on [the defendant] not having obtained non-infringement letters[.]" Id. at 697. Following a trial, the jury found, *inter alia*, that the defendant induced infringement and willfully infringed the

patents at issue.  Id. at 687.  Then, the Federal Circuit in Seagate "abandon[ed] the affirmative duty of care, [and held] that there is no affirmative duty to obtain opinion of counsel."  497 F.3d at 1371.  In light of Seagate, the district court in Broadcom set aside the willful infringement verdict.  543 F.3d at 687.

The defendant appealed to the Federal Circuit, arguing, *inter alia*, that the district court should have also set aside the induced infringement jury instruction. Broadcom, 543 F.3d at 697.  The Federal Circuit rejected the defendant's contention "that[,] because [the] specific intent [element of induced infringement] is a stricter standard than the 'objectively recklessness' standard adopted in Seagate, evidence not probative of willful infringement [could not] be probative of specific intent to induce infringement."  Id. at 699 (internal citation omitted).  The Federal Circuit then held that, although an opinion of counsel is not relevant to willful infringement claims, "such evidence remains relevant" for induced infringement claims.  Id.  Furthermore, the appellate court explained "that the failure to procure such an opinion may be probative of intent in [the] context of" induced infringement.  Id.

Based on the foregoing, the Court will bar plaintiff from mentioning any evidence related to defendant's lack of an opinion of counsel.  The instant action is distinguishable from Broadcom, because, during the pretrial hearing, plaintiff admitted that it would not assert an induced infringement claim.  (Doc. #264, at 75, lines 8-10).  Thus, in light of Knorr-Bremse and Seagate, the Court believes that defendant was under no obligation to obtain an opinion of counsel, and plaintiff is precluded from mentioning evidence related to defendant's lack of

opinion of counsel.

### III. Defendant's Fourteenth Motion *In Limine*

Defendant also seeks to preclude plaintiff from arguing willful infringement at trial. During the pretrial hearing, plaintiff stated that it intends to offer "communications" from defendant and to refer to defendant's lack of an opinion of counsel to support its willful infringement claim. (Doc. #264, at 76, lines 4-8, at 77, lines 3-7).

In Seagate, the Federal Circuit announced a new standard for evaluating willful infringement claims. 497 F.3d 1360, 1371. "Accordingly, to establish willful infringement, a patentee must show by <u>clear and convincing evidence</u> that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." Id. (emphasis added) (citing and quoting Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 69 (2007) ("It is [a] high risk of harm, objectively assessed, that is the essence of recklessness at common law.")). The Federal Circuit explains that:

> The state of mind of the accused infringer is not relevant to this objective inquiry. If this threshold objective standard is satisfied the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that should have been known to the accused infringer.

Seagate, 497 F.3d at 1371. See Cohesive Techs., Inc. v. Waters Corp., 543 F.3d 1351, 1374 (Fed. Cir. 2008) ("Because [a claim term] was susceptible to a reasonable construction under which [the defendant]'s products did not infringe, there was not an objectively high likelihood that [the defendant]'s actions constituted [willful] infringement."); see also Black & Decker, Inc. v. Robert Bosch

Tool Corp., Nos. 2007-1243, 2007-1244, 2008 WL 60501, **7 (Fed. Cir. Jan. 7, 2008) (holding that, under the Seagate "objective standard, both legitimate defenses to infringement claims and credible invalidity arguments demonstrate the lack of an objectively high likelihood that a party took actions constituting infringement of a valid patent.").[1]

Here, as the Court stated on the record at the pretrial hearing, plaintiff has "described generally what [its evidence of willfulness] is going to be." (Doc. #264, at 80, lines 22-25). Because "it is still not clear . . . what [plaintiff's] witnesses are going to say about [willful infringement and] what [the] documents" will contain, (Doc. #264, at 81, at 1-2), the Court will deny defendant's fourteenth motion *in limine* without prejudice.

## IV. Defendant's Fifteenth Motion *In Limine*

Finally, defendant seeks to bar plaintiff from arguing infringement of claim 13 of the '685 patent and moves the Court to reinstate and grant its supplemental motion for summary judgment with respect to the non-infringement of claim 13. The Court will first address defendant's supplemental motion.

### A. Legal Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show

---

[1] In response to defendant's motion *in limine*, plaintiff cites to Nat'l Presto Indus., Inc. v. West Bend Co., 76 F.3d 1185 (Fed. Cir. 1996). However, the Court will not consider this case because the Federal Circuit employed the pre-Seagate willful infringement standard, whereby the plaintiff only had to prove that its patent existed and that the defendant had knowledge of the patent. Id. at 1193.

that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Fed.R.Civ.P. 56(c). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Citrate, 477 U.S. 317, 322 (1986).

B. Discussion

On March 31, 2009, the Court issued a claims construction order and construed "pivotally connected" to mean "attached (attaching) and capable of rotating or turning about the point of direct or indirect attachment." (Doc. #104, at 33). Then, on April 14, 2009, defendant filed a supplemental motion for summary judgment, arguing that the Insta-Clik did not literally infringe (1) several

claims of the '946 patent because they contained the term "control structure," (2) several claims of the '946 patent because they contained the term "operatively connected," and (3) claim 13 of the '685 patent because it contained the term "pivotally connected." (Doc. #108, at 13-15). The Court in its August 5, 2009 Amended Memorandum and Order found "that it [was] undisputed that the Insta-Clik does not contain a travel bar that is pivotally connected to the lever as set forth in claim 13." (Doc. #173, at 6). The Court's September 14, 2009 amended claims construction order reconstrued the terms "control structure" and "arranged to bias" as used in the '946 patent as well as "operatively connected" as used in both the '685 and '946 patents. However, the order did not change the Court's original construction of the term "pivotally connected." Nonetheless, the Court denied defendant's supplemental motion for summary judgment as moot. (Doc. #187).

Based on the foregoing, the Court believes that the amended claims construction order rendered defendant's supplemental motion for summary judgment moot, except for defendant's contention that the Insta-Clik did not infringe claim 13 of the '685 patent.[2] As such, the Court will reinstate defendant's supplemental motion. Because the Court found in its August 5, 2009 Amended Memorandum and Order "that it is undisputed that the Insta-Clik does not contain a travel bar that is pivotally connected to the lever as set forth in claim 13," (Doc. #173, at 6), the Court concludes that no genuine issue of material fact exists as

---

[2]Plaintiff conceded this point at the pretrial hearing. See (Doc. #264, at 106, lines 14-22).

to whether the Insta-Clik literally infringes claim 13 of the '685 patent. Thus, the Court finds that defendant is partially entitled to summary judgment as a matter of law. The Court, therefore, concludes that plaintiff is barred from arguing that the Insta-Clik infringes claim 13 of the '685 patent.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's eighth motion *in limine* [Doc. #224] is **denied**.

**IT IS FURTHER ORDERED** that defendant's seventh motion *in limine* [Doc. #200] is **granted**.

**IT IS FURTHER ORDERED** that defendant's fourteenth motion *in limine* [Doc. #231] is **denied without prejudice**.

**IT IS FURTHER ORDERED** that defendant's fifteenth motion *in limine* [Doc. #232] is **granted**.

**IT IS FURTHER ORDERED** that defendant's supplemental motion for summary judgment of non-infringement of U.S. Patent Nos. 7,296,946 and 7,404,685 [Doc. #108] is **reinstated**, **granted in part**, and **denied as moot in part**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 4th day of December, 2009.