UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WORLD WIDE STATIONERY | ) |
| MANUFACTURING CO., LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )      No. 4:07-CV-1947 (CEJ) |
| | ) |
| U.S. RING BINDER, L.P., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the bill of costs and motion for an award of attorney fees filed by defendant U.S. Ring Binder, L.P., (US Ring). Plaintiff World Wide Stationery Manufacturing Co., LTD., (World Wide) opposes the motions, and the issues are fully briefed.

### I.    US Ring's Bill of Costs

"Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed.R.Civ.P. 54(d)(1). Costs that may be taxed include:

(1)    Fees of the clerk and marshal;

(2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)    Fees and disbursements for printing and witnesses;

(4)    Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the cases;

(5)    Docket fees under section 1923 of this title;

(6)     Compensation of court appointed experts, compensation of
        interpreters, and salaries, fees, expenses, and costs of special
        interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

There is no dispute that US Ring is the prevailing party.  In its bill of costs, US Ring seeks to recover (a) fees for deposition and trial transcripts; (b) witness fees; (c) photocopy expenses; and (d) interpreter fees.  The Court will address each item in turn.

## A.     Deposition Costs

Deposition transcripts are taxable so long as they are "necessarily obtained for use in the case."  28 U.S.C. § 1920(2) (emphasis added).  There is no requirement that a party offer depositions at trial.  World Wide's objections to the costs associated with deposition transcripts that US Ring did not offer during the litigation or at trial will, therefore, be overruled.

World Wide also objects to costs associated with the deposition of Brian Panka, because the deposition "[was] not offered at trial and [was] related solely to the inequitable conduct issues [that were] resolved [on] summary judgment in World Wide's favor."  (Doc. #359, at 4 n.1).  In Emmenger v. Bull Moose Tube Co., 33 F. Supp.2d 1127 (E.D. Mo. 1998), the court explained:

> Although use of a deposition at trial is direct evidence of its necessity,
> a deposition unused at trial may still fall within § 1920's ambit if it
> was reasonably necessary in preparing the case.  If, at the time it was
> taken, a deposition could reasonably be expected to be used for trial,
> rather than merely for discovery, it may be included in the costs of
> the prevailing party.

Id. at 1134 (citations omitted).

Although Panka's testimony related exclusively to US Ring's claim for inequitable conduct, which was resolved on motion for summary judgment, US Ring deposed Panka in preparation for its defense. As such, the deposition costs will be allowed.

World Wide objects to US Ring's costs for unknown depositions, duplicative invoices, trial services, and shipping and handling costs. US Ring has withdrawn its request for these costs, thus mooting the objections. World Wide's objection to the notary, e-transcript and exhibit archiving fees included with the deposition costs is also moot, as US Ring has withdrawn its request to be reimbursed for these items.

For the foregoing reasons, the following deposition costs will be allowed:

| Mark Dawkins | $988.20 |
| Paul Whaley | $777.15 |
| Cindy Duke | $423.50 |
| Michal Prost | $315.90 |
| Raymond Rod | $383.10 |
| Hung Yu Cheng | $421.50 |
| Ben Chun | $478.50 |
| Mo Man Yu | $510.00 |
| Robert Premnath | $295.35 |
| Simon To | $585.00 |
| Brian Panka | $427.35 |
| Kurt James | $657.20 |
| Jeffrey Ball | $1,582.55 |

### B.   Trial Transcripts

In addition to the deposition transcript fees , US Ring also seeks $9,267.65 for trial transcripts, which includes: (1) $712.95 for the November 4, 2008

Markman hearing; and (2) $8,554.70 for daily trial transcripts.  (Doc. #336-1, at 2-3; #367, at 2).  Because World Wide filed no objection to the Markman hearing transcript, and such cost is permitted under § 1920(2), US Ring will be allowed to recover this cost.

World Wide does object to the daily trial transcript costs. "While a trial transcript is a necessary expense of an appeal, and therefore taxable on appeal under Rule 39(e), Fed.R.App.P., it cannot be said that a trial transcript is ordinarily necessary for use in the trial itself."  Emmenegger, 33 F.Supp.2d 1127, 1134 (citing McDowell v. Safeway Stores, Inc., 758 F.2d 1293, 1294 (8th Cir. 1985), and noting "that[,] before awarding the cost of a trial transcript, the court should determine that the transcript was not obtained primarily for the convenience of the parties but was necessary for use in the case.").  In support of its claim, US Ring notes that "[b]oth parties referenced trial testimony during the course of the trial[.]" (Doc. #367, at 3).  Although the daily trial transcripts were convenient for both parties, US Ring has not demonstrated that they were necessary.  As such, the Court will deny the request for the daily trial transcripts fees in the amount of $8,554.70.

## C.    Witness and Interpreter Fees

World Wide does not object to US Ring's request for $110.00, representing the witness fee paid to Raymond Rod, or to the interpreter fees in the amount of $$3,175.00.  Therefore, these costs will be taxed.

## D.    Photocopies

US Ring seeks $33,946.51 for exemplification and copying costs. As noted above, "[c]opying costs may be taxed only if the copied items were 'necessarily obtained for use in the case.'" Finan v. Good Earth Tools, Inc., No. 4:06-CV-878 CAS, 2008 WL 1805639 * 11 (E.D. Mo. Apr. 21, 2008) (citing 28 U.S.C. § 1920(4)). "Amounts sought for copy expenses must be documented or itemized in such a way that the Court can meaningfully evaluate the request." Finan, 2008 WL 1805639 * 11 (citing Yaris v. Special Sch. Distr. of St. Louis County, 604 F.Supp. 914, 915 (E.D. Mo. 1986)).

US Ring provides copies of fifty-six invoices to support its request for copying expenses. This documentation does not identify the documents that were copied or the purpose for which the copies were made. Because of this lack of identification, US Ring's request for exemplification and copying costs in the amount of $33,946.51 will be denied. See Emmenegger, 33 F.Supp.2d 1127, 1134 ("Because plaintiffs have failed to segregate their properly taxable photocopying costs, none of the photocopying charges that they claim will be taxed as costs."); Finan, 2008 WL 1805639, *11 (finding that "plaintiff's request [for photocopy costs was] inadequately documented, and [that] the Court [could not] evaluate whether the copies were necessarily obtained for use in [the] case[.]").

* * * * *

In conclusion, US Ring is entitled to recover as costs $7,845.30 for depositions, $712.95 for the Markman hearing transcript, $110.00 for witness fees,

and $3,175.00 for interpreter expenses. The total amount to be taxed is $11,843.25.

## II. **US Ring's Motion for Attorney Fees**

US Ring moves for an award of attorney fees pursuant to the Patent Act, which provides that "[t]he court in <u>exceptional cases</u> may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285 (emphasis added). To determine whether to award attorney fees, the Court must first "determine whether there is clear and convincing evidence that a case is exceptional[.]" <u>Diego, Inc. v. Audible, Inc.</u>, 505 F.3d 1362, 1367 (Fed. Cir. 2007). Second, if the Court deems the case exceptional, it must "then determine in its discretion whether an award of attorney fees is justified[.]" <u>Id.</u>

The Federal Circuit cautions that "§ 285 is an exception to the American Rule[,]" and that "§ 285 is limited to circumstances in which it is necessary to prevent 'a gross injustice' to the accused infringer[.]" <u>Forest Laboratories, Inc. v. Abbott Laboratories</u>, 339 F.3d 1324, 1329 (Fed. Cir. 2003) (internal citation omitted). Thus, "[a] case may be deemed exceptional when there has been some material inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Fed.R.Civ.P. 11, or like infractions." <u>Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.</u>, 393 F.3d 1378, 1381 (Fed. Cir. 2005) (citations omitted). "Absent misconduct in conduct of litigation or in securing the patent, sanctions may be imposed against the patentee only if <u>both</u> (1) the litigation is brought in subjective

- 6 -

bad faith, and (2) the litigation is objectively baseless." Brooks, 393 F.3d at 1382 (citations omitted) (emphasis added).

The jury did not find that US Ring willfully infringed the '946 and '685 patents, and US Ring does not claim that World Wide engaged in misconduct in securing the patents. Instead, US Ring argues that World Wide committed litigation misconduct by causing unreasonable delays throughout this lawsuit. US Ring points out that, during World Wide's case-in-chief, the Court stated, "There has been delays during this trial which . . . could have been avoided had the parties given a little more thought to how they were going to present their evidence[.]" (Doc. #337-4, at 3, Trial Transcript, at 453, lines 19-22). The Court's statement was directed to both World Wide and US Ring. The Court notes that World Wide filed various motions for reconsideration, (Doc. #132; #159; #180; #270; #274), and submitted untimely pretrial material, (Doc.##270-279; ## 281-284). However, World Wide's conduct does not rise to the level of extreme litigation misconduct. See Aptix Corp. v. Quickturn Design Sys., Inc., 269 F.3d 1369, 1374-75 (Fed. Cir. 2001) (affirming the district court's award of attorney fees when the non-prevailing party engaged in "extreme litigation misconduct" of falsifying evidence).

Apart from its litigation misconduct argument, US Ring argues that this case is "exceptional" because (1) this litigation was not a close case of non-infringement and invalidity, and (2) World Wide's willful infringement claim was baseless. (Doc. #337; #364). US Ring repeatedly argues that World Wide knew, or should have known, that its infringement and willful infringement claims were baseless, and,

that based on this fact alone, the Court should declare this action "exceptional" under § 285.  Id.

To recover attorney fees, US Ring must demonstrate World Wide's subjective bad faith **and** that World Wide's claims were objectively baseless.  US Ring has presented no arguments or evidence to demonstrate by clear and convincing evidence that World Wide brought this litigation in bad faith.  In fact, US Ring asks for permission to conduct additional discovery in the hope of finding information showing US Ring's subjective bad faith.  (Doc. #337, at 2, 8, 12).  Even if US Ring can demonstrate the baselessness of World Wide's claims, that alone would not be enough to justify an award of attorney fees.

In summary, the Court concludes that US Ring has failed to show by clear and convincing evidence that this case is exceptional.  Therefore, the motion for attorney fees will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the bill of costs filed by defendant U. S. Ring Binder, L.P., [Doc. #336] is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that the plaintiff World Wide Stationery Manufacturing, Co., Ltd., shall pay costs to defendant U. S. Ring Binder, L.P., in the sum of $11,843.25.

**IT IS FURTHER ORDERED** that the defendant's motion for an award of attorney fees [Doc. #337] is **denied**.

**IT IS FURTHER ORDERED** that the defendant's request for additional discovery is **denied**.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 25th day of May, 2010.